UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC DARNELL GALLOWAY,

        Petitioner,                      Case Number: 2:19-CV-10930

v.                                        HON. VICTORIA A. ROBERTS
                                            UNITED STATES DISTRICT JUDGE

RANDEE REWERTS,

        Respondent.
                                     /

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO TRANSFER SUCCESSIVE HABEAS CORPUS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

Michigan state prisoner Eric Darnell Galloway filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Galloway challenges his convictions for second-degree murder, first-degree fleeing or eluding a police officer, operating a vehicle while license suspended causing death, failure to stop at the scene of an accident causing death, two counts of second-degree fleeing or eluding resulting in serious injury, two counts of operating a vehicle while license suspended causing serious impairment, and receiving or concealing a stolen motor vehicle. He previously filed a § 2254 petition in this Court challenging these same convictions. The Court determines that this is a successive petition and grants Respondent's motion to transfer the petition to the Sixth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(3)(A).

**I.**

Petitioner was convicted in Oakland County Circuit Court as set forth above. The

Michigan Court of Appeals affirmed Petitioner's convictions and sentences on direct appeal. *People v. Galloway*, No. 257850, 2006 WL 335813 (Mich. Ct. App. Feb. 14, 2006), *lv. den.* 722 N.W.2d 802 (Mich. 2006).

In 2007, Petitioner filed a federal habeas corpus petition under 28 U.S.C. § 2254. He challenged the same convictions challenged in the pending petition. The Court denied the petition on the merits. *See Galloway v. Ludwick*, No. 2:07-cv-15242, 2009 WL 3624854 (E.D. Mich. Oct. 30, 2009) (Murphy, J.). The Sixth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. *Galloway v. Ludwick,* No. 09-2524 (6th Cir. July 9, 2010).

In June 2013, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied the motion and state-court collateral review concluded on February 4, 2019, when the Michigan Supreme Court denied Petitioner's application for leave to appeal. *People v. Galloway*, 922 N.W.2d 364 (Mich. 2019).

Petitioner then filed this, his second, habeas corpus petition. Respondent has moved to transfer the petition to the Sixth Circuit Court of Appeals because it is an unauthorized successive petition. In response, Petitioner requests that, if the Court determines the petition is successive, the Court transfer the petition to the Court of Appeals.

## II.

A petitioner challenging a state court judgment under 28 U.S.C. § 2254 must "seek authorization in a federal appeals court before filing a 'second or successive application'

in district court. 28 U.S.C. § 2244(b)(3)(A)." *In re Stansell,* 828 F.3d 412, 414 (6th Cir. 2016), *see also Magwood v. Patterson*, 561 U.S. 320, 330-31 (2010) ("If an application is 'second or successive,' the petitioner must obtain leave from the Court of Appeals before filing it with the district court"). A habeas petition is "second or successive" if the petition challenges the same conviction(s) challenged in a prior petition and the prior petition was decided on the merits. *In re William Garner*, 612 F.3d 533, 535 (6th Cir. 2010) (citing *In re Cook*, 215 F.3d 606, 607-08 (6th Cir. 2000)).

Petitioner's first habeas corpus petition challenged the same convictions challenged in this petition and was denied on the merits. So the pending petition is successive and Petitioner must obtain authorization from the Sixth Circuit Court of Appeals. When a successive petition for habeas corpus relief is filed in the district court without prior authorization, the district court must transfer the petition to the Court of Appeals pursuant to 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, the Court **GRANTS** Respondent's motion (ECF No. 7) and **ORDERS** the District Court Clerk to transfer this case to the United States Court of Appeals for the Sixth Circuit.

**SO ORDERED**.

                                               s/ Victoria A. Roberts
                                               VICTORIA A. ROBERTS
                                               UNITED STATES DISTRICT JUDGE

Dated: 5/28/2020